IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH DOUGLAS CORBIN, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 06-1365 |
| ) | |
| v. ) | Judge Lancaster |
| ) | Magistrate Judge Caiazza |
| SUPERINTENDENT SHANNON, et al.,) | |
| ) | |
| Respondents. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus filed by Kenneth Douglas Corbin be dismissed and that a certificate of appealability be denied.

**II.   REPORT**

Kenneth Douglas Corbin ("Corbin" or "the Petitioner"), a state prisoner, has filed a federal habeas corpus petition challenging his August 19, 2004 negotiated plea of *nolo contendere* to a charge of Robbery. He received a sentence of twenty-one to forty-two months incarceration and a concurrent term of seventy-two months probation. Corbin did not move to withdraw the plea prior to sentencing, nor did he file an appeal following sentence. Instead, Corbin filed a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §9541, *et seq.*, on February 15, 2005, asserting that his plea was

not entered knowingly and voluntarily.

The attorney appointed by the state trial court to represent the Petitioner filed a "no-merit" letter on July 7, 2005, acknowledging that Corbin's plea was negotiated, that Corbin received a sentence below the applicable guideline range in exchange for his plea, and that the consequences of the plea were explained to the Petitioner on the record. (Doc. 18, Ex.1).

The trial court dismissed the petition on August 23, 2005. Corbin filed a Notice of Appeal on December 21, 2005; at that time he was directed to file a Concise Statement of Matters Complained of on Appeal pursuant to the provisions of Pennsylvania Rule of Appellate Procedure 1925(b), but failed to do so. Next, the trial court filed an opinion finding that Corbin's claim was meritless because his plea was entered knowingly and voluntarily. (Doc. 18, Ex. 5).

Corbin filed an appeal to the Superior Court of Pennsylvania which affirmed the decision of the trial court, finding that Corbin waived his claim by failing to timely submit a Rule 1925(b) statement. (Doc. 18, Ex.7). Finally, Corbin filed the instant Petition for Writ of Habeas Corpus in this federal court, asserting that counsel rendered ineffective assistance in recommending that he plead *nolo contendere*.

A. **Exhaustion**.

Corbin's claim was litigated through the state courts in the

context of his PCRA petition. Hence, he has exhausted the available state court remedies.

B. **Procedural Default**.

The doctrine of procedural default rests upon the "independent and adequate state grounds" doctrine, which dictates that federal courts will not review a state court decision involving a question of federal law, if the state court decision is based on state law that is "independent" of the federal question and "adequate" to support the judgment. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state's procedural rules, such as Pennsylvania's Rule of Appellate Procedure 1925(b) requiring the filing of a statement of matters complained or on appeal, are entitled to deference by federal courts; a violation of a state procedural rule may constitute an independent and adequate state ground for denial of federal review of habeas claims. Coleman, 501 U.S. at 750. Violations of a state's procedural rules may constitute an independent and adequate state ground sufficient to invoke the procedural default doctrine, even where no state court has concluded that a petitioner is procedurally barred from raising his claims. Glass v. Vaughn, 65 F.3d 13, 15 (3d Cir. 1995), cert. denied, 516 U.S. 1151 (1996).

Federal habeas review is not available to a petitioner whose constitutional claims have not been addressed on the merits due to procedural default -unless the petitioner can demonstrate:

3

1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or 2) failure to consider the claims will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman, 501 U.S. at 750.

Here, Corbin failed to comply with a state rule which required him to file a statement identifying the issues he intended to raise on appeal. The Pennsylvania Superior Court held that Corbin's failure to comply with the relevant state procedural rule resulted in his claims being waived. Thus, Corbin's challenge to the voluntariness of his guilty plea is subject to a state court procedural default, which bars review in this court - unless he satisfies the "cause and prejudice" standard.

To meet the cause standard, Corbin must demonstrate that some objective factor external to the defense impeded his efforts to raise the claim in state court. McCleskey v. Zant, 499 U.S. 467, 493 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986). Here, Corbin cannot meet the relevant standard because he was representing himself at the time the statement was due; stated differently, it was Corbin's responsibility to satisfy the state court requirement. Because Corbin has failed to establish cause for his procedural defaults, the Court need not consider the question of actual prejudice. See Carrier, 477 U.S. at 495.

Although Corbin cannot demonstrate the necessary "cause and prejudice", this court may nevertheless review his claims, if he can show that a "fundamental miscarriage of justice would result from a failure to entertain the claim." McCleskey, 499 U.S. at 495. This court may use its discretion to correct a fundamental miscarriage of justice, if it appears that a "constitutional violation probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. See also Coleman, 501 U.S. at 748; McCleskey, 499 U.S. at 502. Here, although Corbin states in his petition that he is "actually innocent" of the charges, the remedy he seeks is to withdraw his plea and proceed to trial. The state court has determined that Corbin knowingly and intelligently tendered a negotiated plea in order to obtain a lesser sentence. There is no miscarriage of justice where a criminal defendant knowingly tenders a plea in exchange for a lesser sentence. Hence, Corbin is not entitled to enjoy the benefits of the "miscarriage of justice" exception to the procedural default doctrine. Federal review of his claim is therefore barred.

C. **Certificate of Appealability**

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). Because Corbin has not satisfied his burden, a certificate of appealability should be

denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this Report and Recommendation are due on or before July 30, 2007. Failure to timely file objections may constitute a waiver of any appellate rights.

                                            s/Francis X. Caiazza
                                            Francis X. Caiazza
                                            United States Magistrate Judge

Dated: July 13, 2007

cc:
KENNETH DOUGLAS CORBIN
FY-1303
SCI Frackville
1111 Altamont Blvd
Frackville, PA 17931